IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 2:17-cr-20362-SHL |
| TERRANCE JACKSON, | ) ) | |
| Defendant. | ) ) | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND DENYING DEFENDANT'S MOTION TO SUPPRESS**

Before the Court is Magistrate Judge Tu M. Pham's Report and Recommendation, filed May 25, 2018, (ECF No. 30), concerning Defendant Terrance Jackson's Motion to Suppress, filed February 19, 2018 (ECF No. 24). Defendant seeks to suppress drugs discovered during a search on June 28, 2017, arguing that they are the product of an illegal search and seizure. (Id. at 4.) Judge Pham, upon consideration of the evidence, determined that no violation of the Fourth Amendment occurred as the officer was justified both in his initial stop of Mr. Jackson as well as in his subsequent extended stop and search. (ECF No. 30 at 7–9.) Defendant filed an objection to the Report and Recommendation on June 8, 2018. (ECF No. 32.) The Government responded on June 22, 2018. (ECF No. 33.) For the reasons more fully outlined below, Judge Pham's Report and Recommendation is **ADOPTED**, Defendant's objections are **OVERRULED** and his Motion to Suppress is **DENIED**.

## FACTS

The following facts are taken from Judge Pham's Report and Recommendation, which relies on information from the body camera present during the encounter and hearing testimony.

On June 28, 2017, Officer David Hallum of the Memphis Police Department received a request from Shelby County Sheriff's Deputy Richard Henderson to serve an arrest warrant on Heather Harrison. (ECF No. 30 at 1.) Deputy Henderson advised Officer Hallum that Ms. Harrison could be found at 1013 Par Avenue in Memphis, Tennessee. (Id. at 2.) Officer Hallum arrived at the address about five minutes after Deputy Henderson's call. (Id.) As he arrived, he turned on his body camera. (Id.)

Officer Hallum immediately noticed a silver Kia attempting to leave the driveway of the house. (Id.) Inside the Kia, Officer Hallum could see two occupants, and, as he got closer to the house, the horn of the Kia began to sound. (Id.) He testified that he was worried that the Kia was attempting to alert the occupants of the house that the police were present. (Id.) Because of this concern, Officer Hallum blocked the car in the driveway in an attempt to make sure that Ms. Harrison was not in the vehicle and to secure the scene, his concerns being augmented by the fact that he had previously been to the Par Avenue address to recover stolen vehicles and arrest other wanted parties. (Id.)

As Officer Hallum approached the vehicle, he was quickly able to discern that neither of the individuals inside was Ms. Harrison. (Id.) He continued to approach, telling the occupants not to hit his police car by backing up, and Mr. Jackson, who was driving the Kia, opened the car door to inform Officer Hallum that he was there to purchase another vehicle. (Id. at 3.) Officer Hallum testified that when Mr. Jackson opened the car door, he immediately smelled marijuana. (Id.) He asked for identification, which Mr. Jackson informed him he did not have, and then asked Mr. Jackson to step out of the car and place his hands on the hood. (Id.) He placed Mr. Jackson in the back of the police car. (Id.)

During his interactions with Mr. Jackson, Officer Hallum testified that he saw Mr. Jackson give Shari Evans, the other occupant of the car, a bag, which she put down her pants. (Id.) Officer Hallum believed the bag may have contained drugs. (Id.) When confronted by Officer Hallum about what he had seen, Ms. Evans produced the bag, later found to contain the drugs that Mr. Jackson has moved to suppress. (Id.)

## ANALYSIS

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for certain pretrial matters. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects. Fed. R. Crim. P. 59(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Mr. Jackson's objections to Judge Pham's determinations can be characterized in the following way: (1) Officer Hallum had no right to stop Mr. Jackson; (2) there was no probable cause to search Mr. Jackson and, thus, (3) any evidence resulting from the illegal search and seizure should be suppressed.

The search and seizure at issue here do not fit well into any one category, shifting from a stop related to the arrest of another individual to a search based on evidence acquired during that stop. Consequently, this search and seizure must be broken into two events. First, there is the initial stop, which occurred when Officer Hallum prevented the vehicle from leaving the driveway of the Par Avenue home. The second event was the search and arrest of Mr. Jackson.

3

The Court will analyze these events in turn before moving to Mr. Jackson's argument on suppression.

## I. Officer Hallum's Stop of Mr. Jackson

"[T]he general rule is that an official seizure of the person must be supported by probable cause, even if no formal arrest is made." Michigan v. Summers, 452 U.S. 692, 696 (1981). When officers are executing a warrant, however, an intrusion upon an individual's liberty in the form of detention may be justified if it (1) furthers the goal of preventing flight, (2) minimizes the risk of harm to officers, or (3) facilitates the orderly completion of the search or arrest. Id. at 702–03; see also Cherrington v. Skeeter, 344 F.3d 631, 638 (6th Cir. 2003) (extending the Summers analysis to arrest warrants).

Mr. Jackson's initial seizure, which neither party disputes was in fact a seizure, occurred incident to the execution of a valid arrest warrant and should thus be evaluated not as a general official seizure but as one of the few exceptional forms of detention not requiring probable cause.[1] Because Officer Hallum was at Par Avenue to arrest Ms. Harrington, he had the authority to "briefly detain" those on the scene, including Mr. Jackson, who was in a car in the driveway of the house. Cherrington, 344 F.3d at 638.

---

[1] Defendant argues that because Officer Hallum did not have physical possession of the arrest warrant, possession of a search warrant or information about the source upon which Shelby County relied to obtain the warrant, his attempt to arrest Ms. Harrison, and the related events involving Mr. Jackson, were an inappropriate exercise of police authority. (ECF No. 32 at 12.) The Court cannot agree. It is well established that an officer who gains knowledge from another officer is well within his authority to act on that information without individually corroborating or verifying it. See generally United States v. Lyons, 687 F.3d 754, 765–68 (6th Cir. 2012) (discussing the collective knowledge doctrine and its limits). Consequently, the Court does not address the portions of Defendant's argument questioning Officer Hallum's right to arrest Ms. Harrison, or the arguments about Mr. Jackson's detention stemming from Defendant's inquiry into that right, beyond this note.

The remaining question as to the stop is whether Mr. Jackson's detention was reasonable, given the standards (listed above) for evaluating detention rooted in the execution of a search or arrest warrant. The Court concludes that it was. Officer Hallum, when he initially blocked the car, was attempting to prevent flight by the individual subject to the arrest warrant because he believed Ms. Harrison could have been in the car. Moreover, because he knew of the address from prior arrests and other criminal activity and believed that the Kia's honking horn might have been an attempt to alert those in the home of the police presence, briefly detaining those in the car was a reasonable course of action to take to maintain officer safety. While the third standard, facilitating a more orderly completion of the arrest, may not be present here, the two elements which are present render Officer Hallum's blocking of the car a reasonable seizure in line with what the Fourth Amendment allows.

Mr. Jackson's objection that Officer Hallum had no right to detain him by blocking the car is **OVERRULED**.

## II. Probable Cause to Search Mr. Jackson

As for Mr. Jackson's continued detainment and the related search, the Court concludes that these actions were reasonable under the Fourth Amendment. Searches and seizures must be based on probable cause. U.S. Const. Amend. IV. The rule of probable cause is a "practical, nontechnical conception" meant to balance the interests of privacy and community safety. Brinegar v. United States, 338 U.S. 160, 176 (1949). While it is difficult to draw bright lines around what constitutes probable cause, the smell of marijuana in a vehicle by an officer can itself constitute probable cause sufficient to justify a search. United States v. Garza, 10 F.3d 1241, 1246 (6th Cir. 1993).

In this case, Officer Hallum had probable cause. Officer Hallum asserts that when Mr. Jackson opened the door to speak to him, he immediately smelled marijuana.[2] Moreover, independent of the smell of marijuana, when Officer Hallum asked Mr. Jackson for identification, which he did in the course of attempting to arrest Ms. Harrison, he saw Mr. Jackson hand Ms. Evans a baggie that he believed had drugs inside of it. He later witnessed Ms. Evans put that baggie down her pants. Because Officer Hallum's initial stop of Mr. Jackson was justified and because he encountered the smell of marijuana and witnessed the passing of the bag from Mr. Jackson to Ms. Evans during the course of that stop, Officer Hallum had probable cause to search Mr. Jackson and the vehicle. Therefore, Mr. Jackson's objection that there was not probable cause is **OVERRULED**.

## III.    Suppression of Evidence

Suppression of evidence is a remedy to the violation of an individual's Fourth Amendment rights. See Hudson v. Michigan, 547 U.S. 586, 591–92 (2006) (outlining some of the justifications and limitations of the exclusionary rule). Because neither the seizure nor the subsequent search of Mr. Jackson and his vehicle were violations of the Fourth Amendment, there is no cause to suppress the evidence obtained. Therefore, Mr. Jackson's objection to the admission of the evidence is **OVERRULED**.

---

[2] While Defendant's point that Officer Hallum did not mention the smell of marijuana on camera at the time of the search is well-taken, Judge Pham found Officer Hallum's testimony regarding the smell of marijuana to be credible. Because Judge Pham, in his sound judgment, had the opportunity to evaluate credibility during the hearings, the Court sees no reason to question his determination or hold additional hearings. See United States v. Raddatz, 447 U.S. 667, 680 (1980) (noting the discretion granted to the trial court in approaching the magistrate's findings).

## **CONCLUSION**

Based on the foregoing, the Court **OVERRULES** Mr. Jackson's objections and **ADOPTS** the Report and Recommendation of Judge Pham.  Mr. Jackson's Motion to Suppress is **DENIED**.

**IT IS SO ORDERED,** this 12th day of September, 2018.

s/ Sheryl H. Lipman<br>
SHERYL H. LIPMAN<br>
UNITED STATES DISTRICT JUDGE